HARTZ, Circuit Judge,
concurring:
I join Judge Matheson’s opinion except in one regard, which does not affect the outcome. In my view, Mr. Leatherwood’s challenge to the district court’s sentence on revocation of his suspended sentence should be treated as arising under 28 U.S.C. § 2254, rather than 28 U.S.C. § 2241. This could make a difference in some future case because § 2254 requires great deference to the state court’s decision.
Absent extraordinary circumstances, § 2254 is the exclusive means for “a person in custody pursuant to the judgment of a State court” to challenge in federal district court the constitutionality of the custody. Without any textual support for our position, this circuit has carved out an exception for challenges (which can be made under § 2241) to “execution” of the sentence, as opposed to challenges to the validity of the sentence. As stated in Judge Matheson’s opinion, no other circuit has recognized such an exception.
I agree that we are bound by circuit precedent. But when our precedent is in error, there is no reason to expand it unnecessarily. And we should try to narrow our differences with the ten other regional circuits to the extent possible. In my view, our precedent hardly requires us to sáy that this case involves execution rather than validity of a sentence. We have not defined what “execution” of the sentence is. And it is no stretch to say that *1052 what Mr. Leatherwood is doing here is challenging the validity of the sentence imposed on revocation of the suspended sentence.